## THE P. R. R. NO. 476.

## THE WILLIAM SIMMONS.

## THE CUTCHOGUE.

### No. 295.

Circuit Court of Appeals, Second Circuit.
April 26, 1945.

Hagen & Eidenbach, of New York City (Charles W. Hagen and Nelson J. Johnson, both of New York City, of counsel), for appellant.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and Frederic Conger, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

This litigation involves a collision which occurred in Buttermilk Channel shortly after 2 A.M. on October 30, 1940 between the loaded tank barge Supercraft in tow of the appellant's tug William Simmons and the barge P. R. R. No. 476 in tow of the tug Cutchogue, owned by the impleaded respondent Long Island Railroad Company. The District Court held the appellant's tug solely at fault. Its findings of fact and conclusions of law are reported in 1942 A.M.C. 1554.

This appeal involves only questions of fact. The Cutchogue with two barges on her port side, the No. 476 being astern, emerged from Atlantic Basin Gap and when in the clear headed for the flashing green obstruction buoy which is about 1,000 feet from the Brooklyn shore and a little south of the Gap. She blew a one-blast signal to the tug William Simmons which was proceeding up Buttermilk Channel, with the tank barge lashed to her port side, and was then in mid-channel about 300 feet below the flashing green buoy. The Simmons promptly accepted the Cutchogue's signal. It was a crossing situation and the Simmons was correctly held at fault for not keeping out of the privileged vessel's way. The appellant claims that the Cutchogue failed to hold her course but the trial court held that she did do so until she ported in extremis. Although there is some

confusion in the testimony of the Cutchogue's master, the record does not convince us that the trial court's finding was clearly erroneous. Accordingly the decree is affirmed.